CHARLES W. BAKER, ASSIGNEE, v. TILDEN R. FRENCH, TREAS., ET AL.

1. PENALTIES ON ASSESSMENTS A LIEN THE SAME AS ASSESSMENTS PROPER.

Under sec. 2295, Rev. Stat., the ten per cent. penalty, added to street improvement assessments, to cover interest and cost of collection, becomes a lien upon the assessed property in the same manner as the assessment proper is made a lien.

2. PENALTIES NOT AVOIDED BY ASSIGNMENT FOR CREDITORS.

The imposition of such penalty is not rendered illegal, nor can its collection be defeated, by a subsequent assignment of the property to an assignee for creditors.

3. PERSONAL PROPERTY IN HANDS OF ASSIGNEE CANNOT BE TAKEN BY DISTRAINT.

Personal property in the hands of an assignee cannot be taken by distraint for the collection of taxes on that or other property, for the reason that it is in the custody of the court to be distributed by its officer in due course of administration.

4. TREASURER MAY SELL REAL ESTATE ASSIGNED FOR TAXES AND PENALITIES.

But where real estate, subject to state or county taxes, or upon which they are afterward imposed, is so assigned, the county treasurer is not debarred from the right to sell for such taxes and the penalties if they are not paid.

APPEAL from the Court of Common Pleas of Hamilton county.

SMITH, J.,

This case was heard on a general demurrer filed to the petition of the plaintiff.

The petition averred, in substance, that on June 21, 1896, Burkhardt assigned to Baker, for the benefit of his creditors, all of his personal and real estate, including the real estate described in the petition, and that such assignee duly qualified. That quite a number of lots so assigned (naming them) had been assessed for the construction of a street or streets in the city, while the same was owned by Burkhardt, which assessments are payable in ten annual installments. That since said assignment to plaintiff, installments of said assessments, amounting in all to $1,059.46, have become due and payable, and not having been paid, the city of Cincinnati, by its auditor, certified the same to the treasurer of Hamilton county, who has placed the said assessments on the tax duplicate of Hamilton county, together with a penalty of ten per cent., viz., $105.95, and that the treasurer threatens to collect said assessments and penalties from plaintiff; that he refuses to receive the amount of the assessments unless said penalty is also paid; that he tendered the amount of said installments due, less the penalty, and that the treasurer refused to receive it.

He avers that said penalties are illegal and void, as assessed against the plaintiff, who is the assignee as aforesaid, and an officer of the court of insolvency. Wherefore, he prays that the treasurer be enjoined from collecting said penalty, and be required to receive from plaintiff the amount of the assessments so certified, without penalty.

Baker v. French.

Is the demurrer to this petition well taken?

Section 2295, Rev. Stat., provides that:

"The council may order the clerk or other proper officer of the corporation to certify any unpaid assessment or tax to the auditor of the county in which the corporation is situated, and the amount of such assessment or tax so certified, shall be placed upon the tax-list by the county auditor, and shall, with ten per cent. penalty to cover interest and cost of collection, be collected with and in the same manner as state and county taxes, and credited to the corporation;" etc.

By sec. 2285, Rev. Stat., special assessments become "a lien from the date of the assessment upon the respective lots or parcels of land assessed," and, as a consequence, these assessments became liens on the property of Mr. Burkhardt before they were assigned to the plaintiff. And we are of the opinion that the effect of sec. 2295, Rev. Stat., is to make the ten per cent. of the amount thereof, which is given to cover interest and the cost of collection, also a lien upon the assessed property. At all events, the statute expressly authorizes its collection by the treasurer.

There is certainly no provision of our statutes that hints at the idea that these provisions are not to apply to the collection of assessments for such improvements, in a case where the owner, after the assessment, and before it becomes due, assigns his property for the benefit of his creditors, and we are unable to see any good reason why they should not apply in such case. The idea that a person can, by the mere transfer of his real property to an assignee for the benefit of his creditors, radically interfere with the assessment and collection of taxes upon the real estate thus assigned, does not seem to us reasonable or right. If the assignee is not bound to pay the general taxes assessed upon the lands of his assignor, by the time the statute requires them to be paid, is he to be absolved from the liability to pay the penalty which the law imposes in such case? This we understand to be the claim of the assignee, and further that he has the right to prevent any proceedings being taken by the treasurer to collect such tax or penalty, by sale or otherwise, on the ground that all of the assigned property is in the custody of the law, and can not be interfered with by any one.

This claim is predicated on language used by Judge Spear, in McNeill v. Hagerty, 51 Ohio St., 255. The only question before the court in that case was whether personal property, in the form of moneys, bills receivable, bonds, certificates of stock or otherwise, held by an assignee of an insolvent debtor, whose estate is being settled in the probate court, is subjected to taxation and must be returned by him for taxation. It was held that it was not, on the ground that such personal property was in the custody of the court, and that to require it to be done would result in double taxation on the same property, and that the statute did not expressly require the assignee to make such return. Judge Spear, in deciding the case, says, on page 263:

"Necessarily that court (the probate court) by operation of law, upon the filing of the instrument of assignment, acquires control of all the property and estate embraced therein, subject, of course, to all liens and just claims then existing upon the property, whether by the state or by creditors."

And in another place, on page 268, he says:

"And if, as is claimed in argument, in case payment of taxes so levied is not voluntarily made by the assignee, distraint might be resorted to by the tax collector, and the property seized and taken forcibly from the possession of the assignee, thus taking it from the control of the court, so much the more apparent is it that the construction claimed by the defendant in error is inadmissible, because it would result in unreasonable interference with the rightful exercise of authority by the probate court. It can not have been the purpose of the legislature, by one statute to lodge exclusive jurisdiction and dominion over property in a court, and, by another statute authorize a taxing officer to cast contempt upon the court by ousting its jurisdiction, and overriding its powers."

It would seem, from the last extract from the decision, that the court was of the opinion that where personal property of an assignor has come into the possession of an assignee, that such property can not be taken from the assignee by way of distraint for the collection of taxes, on that or other property, for the reason that it is in the custody of the court to be distributed by its officer in due course of administration. This, we suppose to be good law, but whether it applies to a case of this kind may be questioned. Here is a case where, by operation of law, the original assessment for these street improvements became a lien on the real estate as of the date of the assessment, and the city was authorized to certify it to the county auditor and have it placed on the county duplicate, with the penalty for nonpayment, to be collected as state and county taxes are collected. The question is whether, when a person assigns real estate to an assignee for the benefit of creditors, and which is subject to state and county taxes at the time, or they are afterwards levied thereon, the county treasurer is debarred the right to proceed to sell such real estate, for the taxes which have become delinquent, if they are not paid? It seems to us that such is hardly the case; that it could not have been the intention of the legislature to make such a provision in favor of assignees of insolvent debtors, which does not apply, as we understand, to any other persons. But if it be conceded that such is the case, and that so long as the taxes are unpaid and the assigned estate is unsettled, that the county treasurer is powerless to collect such taxes by sale of the property at delinquent tax sale, this, we think, is not decisive of the question before us. There is an allegation in the petition, that the treasurer threatens to collect the tax and penalty on this property and refuses to receive the amount of the assessments without the penalties being paid also. That he has tendered to him the amount of taxes, exclusive of the penalties, which he has refused to receive. He, therefore, prays that the defendant be enjoined from adding such penalty to the assessments, and that the treasurer be enjoined from collecting the same, and required to receive the taxes and assessments without penalty. There is no allegation that the treasurer is threatening to seize any personal property, thereby to collect the taxes, or even that he is about to sell the real estate. The *gravamen* of the petition seems to be that a penalty has been assessed on the land, and the relief sought is to have it declared illegal and void. We are of the opinion that the imposition of the penalty is not illegal, but that the same, with the assessment, becomes a valid lien on the property, and that the assignee, by the tender and payment of the principal, is not entitled to a decree in his favor as

prayed for, but that the penalty also must be paid. The demurrer to the petition will, therefore, be sustained, and unless an amendment is desired, the petition will be dismissed at plaintiff's costs.

SWING AND GIFFEN, J J., concur.

·*Charles W. Baker*, for the appellant.

*George H. Kattenhorn*, for the appellee.